UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE L. NEGRON, </br></br> Plaintiff, </br></br> v. </br></br> CAROL A. MICI, et al., </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 22-cv-12030-DJC </br> ) </br> ) </br> ) |

## ORDER

**CASPER, J.**                                                                                                    **April 21, 2023**

*Pro se* plaintiff Jose L. Negron ("Negron"), who is incarcerated at MCI Norfolk, brings this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging that he has not received adequate treatment for opioid use disorder. Negron names DOC Commissioner Carol A. Mici, MCI Norfolk Superintendent Nelson Alves and MCI Norfolk Deputy of Reentry Jodi Hocker-Lotz as defendants. Negron sues all the defendants in their official capacity. He is also suing Hocker-Lotz in her individual capacity.

Now before the Court are Negron's motions for leave to proceed *in forma pauperis*, D. 12, for a temporary restraining order and preliminary injunction, D. 17, for leave to file the motion for injunctive relief and supporting memorandum as double-sided documents, D. 16, and for other injunctive relief vis-à-vis alleged interference with Negron's legal mail at MCI Norfolk and the Court's adjudication of this case, D. 14, 15.

Upon review of the complaint and motions,[1] the Court hereby orders:

---

[1] The Court is authorized to conduct a preliminary review of the complaint and dismiss any claims therein that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

1

1.      The motion for leave to proceed *in forma pauperis*, D. 12, is ALLOWED. The $52 administrative filing fee is waived, but Negron must pay the statutory $350 filing fee over time.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $28.70. The remainder of the fee, $321.30, shall be paid in accordance with 28 U.S.C. § 1915(b)(2).

2.      The motion for leave to file the motion for injunctive relief and supporting memorandum as double-sided documents, D. 16, is ALLOWED.

3.      The individual capacity claims under the ADA are DISMISSED, but Negron's claims remain.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.   The statute defines "public entity" to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State . . . or local government."  42 U.S.C. § 12131(1).  An individual sued in his or her individual capacity is not a "public entity" and therefore cannot be held liable under Title II of the Americans with Disabilities Act, see Wiesman v. Hill, 629 F. Supp. 2d 106, 112 (D. Mass. 2009).

4.      The motion for preliminary injunctive relief, D. 17, is denied insofar as Negron seeks an *ex parte* temporary restraining order.  The motion shall remain pending on the docket as a motion for a preliminary injunction, which the court will adjudicate after the defendants have been served with the complaint and the motion in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.      The Clerk shall issue a summons for each defendant.

---

monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A.

6. Given the nature of Negron's claim and his reported difficulties with sending mail, the Court directs the Clerk to complete and transmit to the United States Marshals Service ("USMS") copies of the complaint, motion for preliminary injunctive relief, and memorandum in support of said motion for service on the three defendants. The Clerk shall also transmit to the USMS a completed summons and USM-285 form for each party to be served. The USMS shall promptly serve the defendants with all costs of service to be advanced by the United States.

7. The remaining motion for injunctive relief, D. 14, is DENIED without prejudice. In light of the Court's order that the Clerk provide the USMS with all documents for service, Negron is not required to mail any documents to complete service. If Negron continues to experience difficulties in mailing documents as part of the prosecution of this case, he may file a motion for appropriate relief. Negron's request that the Court issue an order on his *in forma pauperis* motion, D. 15, and/or reconsider such motion for *in forma pauperis* status, D. 21, is DENIED as moot as that matter is resolved in this Order. To the extent that Negron seeks to seal retroactively portions of filings that he has already filed on the public docket, D. 20, the Court DENIES that motion. If Negron seeks to file future filings under seal, he may file an accompanying motion to seal with those filings for the Court's consideration.

**So Ordered.**

      /s Denise J. Casper  
      Denise J. Casper  
      United States District Judge